A. G. Penn *v.* J. J. Watts and Wife.

The rule is well settled that where the maker of a promissory note cannot be found, payment must be demanded at his domicil, if within the State.

APPEAL from the District Court, Eighth District, Parish of Livingston, *Watterson*, J. *Martin*, for plaintiff. *Jones*, *Duncan* and *A. Hennen*, for defendants and appellants.

Voorhies, J. The defendants are appellants from a judgment rendered against them as endorsers of two promissory notes, of which they were the payees, dated the 3d of January, 1848—one of which, payable in two and the other in three years from date. There is no mention made in them of the place where made nor where payable.

The ground on which the appellants claim to be discharged is, that no demand of payment has been made upon *George W. Parker*, the maker, either personally or at his place of residence, when the notes matured. The notes were respectively protested at maturity in New Orleans, at the instance of the Union Bank of Louisiana, and, according to the certificate of the notary, the maker and endorsers were notified thereof through the mail, by letters severally addressed to them at Springfield, parish of Livingston, La. On the 12th of May, 1854, the plaintiff purchased the assets, debts and effects belonging to the branch of the Union Bank at Covington, then in the possession of *Mr. L. Spring*, in which the notes declared upon were comprised. It is under this conveyance that he holds. He alleges in his petition that the maker, at the date of the protest, had absented himself from the State, so that his domicil could not be found by the notary, after diligent search and inquiry, to make a formal demand upon him; that all was done which was within the power of the then holders of said notes to effect said demand. We infer from the evidence that these notes were taken and discounted by the Covington branch of the Union Bank, in the usual course of business; and it would be unreasonable to suppose that it was done without a knowledge of the parties and of their place of residence. The fact that the notices of protest were addressed to the maker and endorsers at Springfield would seem to imply such knowledge; it is corroborated, too, by the plaintiff's allegation, that the maker had absented himself from the State when the protests were made. Although such an allegation was made, yet no attempt appears to have been made to substantiate it on the trial below. On the contrary, the testimony of *Henry Kinchen, Jr.*, shows that the maker resided in the parish of Livingston, where he has resided ever since. Besides, the two notes were paraphed by "*Henry W. Warrell*, Recorder," then residing at Springfield.

We consider the rule to be well settled, that, where the maker of a promissory note cannot be found, payment must be demanded at his domicil, if within the State. (2 N. S. 511.) In the case at bar, we think it clear that the holders were bound to make a presentment, either to *Parker* personally or at his domicil in the parish of Livingston. See 6 Ann., 59.

The case of *White* v. *Wilkinson*, 10 Ann., on which the plaintiff relies to exempt him from the operation of the general rule, appears to us to be clearly distinguishable from the present. There, it appeared that the note was dated at New Orleans, and that the holder or notary did not know the domicil of the

PENN
v.
WATTS.

maker, and could not ascertain it after diligent inquiry. In such a case the presumption arises that the note is payable where it is dated. But here the notes, as we have seen, bear no internal evidence of the place where they were given. We are therefore of opinion that the judge *a quo* erred in holding the appellants liable as endorsers.

It is therefore ordered and decreed that the judgment of the court below be avoided and reversed, and that the appellee's demand against the appellants be rejected, with costs.